NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CORNELIUS BRONS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-cv-7079 (JAP) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| EXXONMOBIL RESEARCH AND | : | |
| ENGINEERING COMPANY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

PISANO, District Judge

This matter arises out of a complaint initially brought in the Superior Court of New Jersey, Law Division, Hunterdon County, by Cornelius Brons ("Plaintiff") against ExxonMobile Research and Engineering Company ("ExxonMobil"), Tim Barckholtz, and Amy Herhold (collectively "Defendants"). Presently before the Court are two motions: (1) a motion to remand brought by Plaintiff [Docket # 10]; and (2) a motion for partial dismissal of Plaintiff's Amended Complaint brought by Defendants [Docket # 28].[1] For the reasons set forth below, Plaintiff's Motion for Remand [Docket # 10] is GRANTED and Defendants' Motion to Dismiss [Docket # 28] is DENIED as moot.

---

[1] For the reasons set forth in this Opinion, the Court remands this matter to New Jersey Superior Court, Hunterdon County. Therefore, Defendants' motion to dismiss is moot and the Court need not address it.

1

I.  **BACKGROUND**[2]

Plaintiff filed his original Complaint in New Jersey Superior Court, Hunterdon County, on October 2, 2013. Defendants removed the action to this Court on November 21, 2013 [docket #1]. Plaintiff's claims arise from events alleged to have taken place during his employment with ExxonMobil and subsequent termination from that employment. Plaintiff's Complaint asserts six causes of action for: (1) retaliation in violation of the Conscientious Employee Protection Act ("CEPA"); (2) wrongful discharge in violation of public policy; (3) age discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"); (4) retaliation in violation of the NJLAD; (5) intentional infliction of emotional distress; and (6) breach of contract.

**A. Brief Factual Background**

Plaintiff, a Pennsylvania citizen, was employed by Defendant ExxonMobil[3] in New Jersey for a period of approximately 33 years. Defendant Barckholtz, a citizen of New Jersey, and Defendant Herhold, a citizen of Texas, appear to have supervised Plaintiff in various capacities throughout the course of his employment with ExxonMobil. Notice of Removal ¶ 6-7. The age discrimination allegedly suffered by Plaintiff began in 2005 when Barckholtz, Plaintiff's Section Leader at the time, "initiated a conversation with Plaintiff regarding Plaintiff's age and expected future performance in his career with ExxonMobil based on Plaintiff's age." Compl. ¶ 6. According to Plaintiff, who was 50 at the time, Barckholtz made several statements regarding

---

[2] Defendants contend that when evaluating Plaintiff's motion for remand, the Court is limited to the allegations contained in Plaintiff's original Complaint because "on a motion for remand, the Court is to analyze the pleading as it existed at the time of removal." Opposition at 1. "Third Circuit precedent strongly suggest[s] that the Court must look to the complaint in effect at the time the removal petition was filed in ascertaining jurisdiction." *Route 27, LLC v. Getty Petroleum Marketing, Inc.,* 2011 WL 125618 at *6 (D.N.J. Mar. 30, 2011) (citing *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985)). Accordingly, the Court relies on Plaintiff's original Complaint in connection with the jurisdictional analysis.

[3] ExxonMobil is a Delaware corporation with its principal place of business in Virginia, and is therefore a citizen of Delaware and Virginia for the purposes of diversity jurisdiction. Notice of Removal ¶ 6.

Plaintiff's age in relation to his pension, and led Plaintiff to believe that as he aged, his performance ratings would suffer.[4]

Plaintiff then made several complaints regarding his alleged discussion with Barckholtz, first with his immediate supervisor, then with his manager, and finally with the ExxonMobil Human Resources Department. Following Plaintiff's complaint to human resources, Plaintiff claims that an investigation was conducted, during which Barkholtz "admitted what he said but claimed he was 'misunderstood.'"[5] *Id.* at ¶ 6.  Plaintiff then submitted a request to be transferred to another supervisor, which was allegedly denied by human resources. Subsequently, Barckholtz was promoted and transferred to Virginia.

According to Plaintiff, in the summer of 2009, Barckholtz was transferred back to New Jersey, at which point Plaintiff again relayed his concerns regarding Barckholtz's retaliation to human resources. In the fall of 2009, Herhold became Plaintiff's supervisor, and according to Plaintiff, Herhold, who was then supervised by Barckholtz "was building a pretextual case to terminate him due to his age and his objection to violations of public policy." *Id*. at ¶ 6. During Plaintiff's period of supervision by Herhold, he was assigned to a project aimed at developing aromatic detection methods to monitor the exposure of refinery workers to various chemicals, primarily Benzene. Plaintiff claims that following a field test, which resulted in the successful detection of Benzene at a refinery in Texas, he was assigned the task of authoring an internal report outlining the field study and its findings. Plaintiff alleges that after drafting the report, he was instructed by Herhold to alter the report and "leave out the locations where the samples were collected and to minimize the dangers of the Benezene aromatics being released." *Id*. at ¶ 11.

---

[4] Plaintiff claims that during their conversation, Barckholtz stated "[w]ell you make it through the next rating and ranking performance and then you will be 52. From 52 to 54 we can't touch you because it becomes a pension case . . . but after 55 all bets are off." Compl. ¶ 6.
[5] According to Plaintiff, Barckholtz also made several discriminatory comments regarding the age of prospective ExxonMobil employees. Compl. ¶ 8-9.

Plaintiff claims that following his allegations of age discrimination and objections to altering the report, Defendants began to retaliate against him and as a result of their alleged retaliation, Plaintiff's performance reviews changed from being consistently favorable to less than satisfactory. According to Plaintiff, despite being told by his supervisors that they were satisfied with his performance, in September 2010 and again in September 2011, Herhold informed Plaintiff that his performance ranking and rating had fallen to the bottom ten-percent of the company. As a result of his performance ratings, Plaintiff was forced to meet with Herhold for a review of his work on a weekly basis. Plaintiff claims that following their meetings, Herhold would immediately proceed to Barckholtz's office. Plaintiff alleges that his forced meetings with Herhold were "hostile and dishonest and were meant to harass [him]" and that this "continued harassment . . . caused Plaintiff extreme emotional distress which became so overwhelming" that Plaintiff was forced to take a medical leave in order to seek treatment. *Id.* at ¶ 11-12.

While on medical leave, Plaintiff sent a letter to Herhold expressing his concerns about the Benzene study and requesting that the complete results of the study be published in order to protect the refinery employees and the public from dangerous exposure to Benzene. Plaintiff alleges that after sending his letter to Herhold, he was contacted by an ExxonMobil senior auditor who "minimized the Benzene dangers" and "assured Plaintiff that his objections and concerns would be addressed." *Id.* at ¶ 13. Shortly after returning from medical leave, Plaintiff was terminated on October 3, 2012. Plaintiff claims that Herhold conspired with Barckholtz to harass Plaintiff and that he was terminated in retaliation for "objecting to age discrimination and violations of public policy." *Id*. at ¶ 18.

### B. Procedural History

After removing this matter on November 21, 2013, Defendants filed a motion to dismiss Plaintiff's Complaint on December 13, 2013 [Docket # 6]. Before filing an opposition to Defendants' motion to dismiss, Plaintiff filed the present motion to remand [Docket # 10] and a motion to amend his Complaint [Docket # 11]. At Defendants' request [Docket # 14], Defendants' motion to dismiss was adjourned pending the Court's decision on Plaintiff's motion to remand [Docket # 16] and Plaintiff's motion to amend his Complaint was granted by the Court on March 28, 2014. Plaintiff filed his Amended Complaint on April 7, 2014 [Docket # 26] and Defendants filed the present motion for partial dismissal of Plaintiff's Amended Complaint on April 18, 2014 [Docket # 28].

## II.   DISCUSSION

Defendants removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441, citing this Court's diversity jurisdiction under § 1332. In support of his motion to remand, Plaintiff claims that removal of this case is barred by the forum defendant rule. In opposition, Defendants argue that Plaintiff fraudulently joined Barckholtz for the sole purpose of defeating diversity jurisdiction, and accordingly, the Court should deny Plaintiff's motion to remand.

Under § 1441(a), a defendant may remove a civil action from the state court if the case could have been brought originally in federal court. Pursuant to § 1332, district courts have original jurisdiction over matters in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. However, in diversity cases, § 1441(b) "imposes another condition above the requirements of original diversity jurisdiction, known as a the 'forum defendant rule.'" *Sullivan v. Novartis Pharm. Corp.,* 575 F. Supp. 2d 640, 642 (D.N.J. 2008). The relevant statute provides:

> A civil action otherwise removable solely on the basis of jurisdiction under section § 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought. 28 U.S.C. § 1441(b)(2).

The federal removal statute is "to be strictly construed against removal." *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990)). Accordingly, any doubts regarding removal are resolved in favor of remand. *Samuel-Bassett,* 357 F.3d at 396.

The parties do not dispute that complete diversity exists among Plaintiff and Defendants, that the amount in controversy exceeds $75,000, or that Defendant Barckholtz is a citizen of New Jersey. In support of his motion to remand, Plaintiff argues that although there is complete diversity among between the parties, removal was improper under the forum defendant rule because Mr. Barckholtz is a citizen of New Jersey, the forum state. In opposition, Defendants argue that because Plaintiff's claims against Barckholtz are untimely, he was fraudulently joined as a defendant.[6] Accordingly, Defendants claim that Barckholtz's status as a citizen of the forum state does not defeat this Court's diversity jurisdiction pursuant to the forum defendant rule.

The doctrine of fraudulent joinder for the purpose of defeating diversity is "an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe,* 448 F.3d 201, 216 (3d Cir. 2006). Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (quoting *Abels,*

---

[6] The statute of limitations for retaliatory discharge under CEPA is one year, which beings to run upon the employee's termination date. N.J.S.A. § 34: 19-5.  Claims under the NJLAD are subject to a two-year statutory filing limitation. *Montel v. Haynes,* 627 A.2d 654, 655 (N.J. 1993). The statute of limitations for claims alleging intentional infliction of emotional distress is also two years. § N.J.S.A. § 2A:14-2. Plaintiff's claim for breach of contract is subject to a six year statute of limitations pursuant to N.J.S.A. § 2A:14-1. However, it is unclear whether Plaintiff's claim for breach of contract is actionable against Barckholtz.

770 F.2d at 29). In determining whether the plaintiff has asserted a colorable claim, the Court must assume as true all factual allegations in the complaint, resolve all doubts in favor of remand, and "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *In re Briscoe*, 448 F.3d at 217 (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851-52 (3d Cir. 1992)).

Although a district court is not permitted to reach the merits of a claim when addressing dismissal based on fraudulent joinder, the Third Circuit has held that district courts may consider a statute of limitations defense in conjunction with a fraudulent joinder inquiry. *Brown v. Jevic,* 575 F.3d 322, 327 (3d Cir. 2009). Accordingly, "[i]f a district court can determine, as a matter of law, that all claims against a defendant are time-barred, then that defendant can be considered fraudulently joined and its citizenship disregarded for purposes of diversity jurisdiction." *McCleary v. Leibensperher Transp. Sales, Inc.,* 2009 WL 1109296, at *2 (E.D.Pa. Apr. 24, 2009).

Accepting as true all the allegations in Plaintiff's Complaint and resolving all doubts in favor of remand, the Court finds that Plaintiff has alleged sufficient facts to allow a court to find that Plaintiff has stated a timely claim against Barckholtz. While Defendants argue that "[t]here is simply no basis upon which Barckholtz can be found liable because all allegations against him in Plaintiff's Complaint surround purported conduct that occurred before the two-year statute of limitations," Plaintiff's Complaint does in fact contains allegations against Barckholtz within NJLAD's two year statutory period.[7]

---

[7] The Court, finding that Plaintiff has stated claims within the statutory period contained in the NJLAD, need not address whether Plaintiff's remaining claims against Barckholtz are time barred.

Defendants claim that Barckholtz was transferred to another division on July 1, 2011, and from the date of his transfer, "had absolutely no contact with Plaintiff or any of his work and was not involved in any meetings, conference calls, conversations or discussions concerning Plaintiff or his employment." Notice of Removal ¶ 15. However, in deciding the present motion for remand, the Court is required to take as true all the allegations in Plaintiff's Complaint, and in his Complaint, Plaintiff alleges that Barckholtz was still involved in employment decisions regarding Plaintiff until the date of his termination on October 2, 2012. Defendants further claim that the last allegation against Barckholtz contained in Plaintiff's Complaint occurred in September 2011, which is more than two years before Plaintiff filed his Complaint on October 2, 2013. However, in his Complaint, Plaintiff claims that Barckholtz and Herhold conspired to retaliate and discriminate against Plaintiff, and that their conspiracy ultimately caused his termination on October 12, 2012, which is within the two-year statutory period contained in the NJLAD.

While the Court makes no ruling on the merits of Plaintiff's claims, the Court, taking Plaintiff's allegations as true and resolving all doubts in favor of remand, finds that Defendants have failed to demonstrate that Plaintiff's claims against Barckholtz are time-barred as a matter of law. Therefore, because Plaintiff's Complaint states timely claims against Barckholtz, the Court finds that Barckholtz was properly joined as a Defendant and that his status as a citizen of New Jersey, the forum state, defeats this Court's diversity jurisdiction under the forum defendant rule. Accordingly, the Court remands this matter to the Superior Court of New Jersey, Law Division, Hunterdon County.

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion to remand [Docket # 10] is GRANTED and Defendant's motion to dismiss [Docket # 28] is DENIED as moot. Accordingly, this matter is remanded to the Superior Court of New Jersey, Law Division, Hunterdon County. An appropriate Order accompanies this Opinion.


Date: July 30, 2014                                          /s/ Joel A. Pisano
                                                                                                                 JOEL A. PISANO
                                                                                                                 United States District Judge